S. D. CADY v. R. W. BARD, *et al., Executors, etc.*

SECTION 203, CH. 37, GEN. STAT., *Construed.* Under ? 203, p. 472, Gen. Stat., a foreign executor or administrator may be sued in an action on a contract for the recovery of money, and service obtained by attachment and publication.

*Error from Linn District Court.*

ACTION brought by *Cady* against *Bard* and *Buck*, as executors of G. W. Bard, deceased, said executors having been appointed in another state, and being non-residents. Service was sought by attachment and publication. The district court, at the November Term, 1877, sustained a motion made by the defendants to set aside the service, on the ground that the court could not obtain jurisdiction of the defendants by attachment and publication. *Cady* complains of this ruling, and brings the case here.

*James D. Snoddy*, for plaintiff in error.

*Biddle & Blue*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff commenced an action in the district court of Linn county against the defendants, who are executors, &c., of G. W. Bard, deceased, appointed such in another state, and being non-residents. Service was sought by attachment and publication. The petition for the recovery of money counted on a contract alleged to have been made by

defendants in the foreclosure of a mortgage on real estate in this state. A motion to set aside the service was made by the defendants, appearing solely for the motion, on the ground that the court could not obtain jurisdiction of the defendants by attachment and publication. This motion was sustained, and this ruling is the error complained of. We think the court erred. Whatever might be the rule independent of statute, § 203 of ch. 37, Gen. Stat., p. 472, provides that "an executor or administrator, duly appointed in any other state or country, may sue or be sued in any court in this state, in his capacity of executor or administrator, in like manner and under like restrictions as a non-resident may sue or be sued." Now a non-resident may be sued in an action on a contract for the recovery of money, and service may be obtained by attachment and publication. In "like manner" may a foreign executor or administrator be sued. That a state has jurisdiction over all property within its territorial limits, and may subject it to the process of its courts, will not be doubted. Whether a judgment rendered upon a service by attachment and publication has any extra territorial force, or binds anything other than the specific property attached, we need not inquire. It is enough for the purposes of this case to hold that jurisdiction may be acquired so far as may be necessary to cut off all interest of the non-resident defendant in the property attached. Jurisdiction to any extent required the overruling of the motion to set aside the service.

The judgment of the district court will be reversed, and the case remanded with instructions to overrule the motion to set aside the service.

All the Justices concurring.