No. 932.

## JOHNSON ET AL. *v.* McNABB ET AL.

INSTRUCTIONS TO JURY.—*Variance Between Complaint and Proof.—Gravamen of Action.—License.—Ditch.—Reversible Error.*—A complaint for damages because of the obstruction of a tile ditch which the complaint alleged was constructed across defendants' lands, and that a license so to do was granted the plaintiff upon a good and sufficient consideration, was in every respect supported by the evidence, except that the evidence disclosed the ditch to be an open one instead of a tile ditch. When the evidence was all in, and before the argument had commenced, plaintiff moved to amend the complaint by striking out the word "tile" wherever it appeared in the complaint in connection with the description of the drain, so that the complaint might conform to the proof. This motion the court overruled, and the plaintiff asked the court to give an instruction, in substance, that, as it is averred in the complaint, defendants licensed plaintiffs to construct a tile ditch or drain across the lands owned by them, you are instructed that plaintiffs, in order to show such license, need not show that the tile was in fact laid in the ditch, if the ditch was, in compliance with the license, dug and made ready for the tile; that the *gravamen* of the action is whether the license was given to construct the ditch and whether the ditch was so constructed, and not whether tiles were to be laid in the ditch or were in fact laid therein. This instruction the court refused to give, but gave a converse instruction.

*Held*, that the refusal to give the instruction asked, and the giving of the converse instruction, amounted to reversible error.

From the Steuben Circuit Court.

*F. S. Roby*, for appellants.

*D. R. Best, E. A. Bratton* and *W. W. Snyder*, for appellees.

DAVIS, J.—This is an appeal under the provisions of sections 630 and 631, R. S. 1881.

The reserved questions are duly presented, in a clear, distinct, and brief manner, by proper bill of exceptions.

Appellants' complaint is in two paragraphs. In the second it is alleged that appellees had, some time prior

to the institution of the action, for a good and sufficient consideration, licensed the construction of a tile drain across the lands owned by them, upon the faith of which license work had been done and money expended by appellees· and others interested therein, in the construction of such drain, and that appellees had wrongfully obstructed the same, and thereby caused the water to overflow appellants' land, to their damage, etc.

No question has been raised as to the sufficiency of either paragraph of the complaint. A careful reading thereof convinces us that each paragraph of the complaint states facts sufficient to constitute a good cause of action.

The statements and recitals in the bill of exceptions show that evidence was introduced on the trial, which reasonably and fairly tended to establish each and every material allegation contained in the second paragraph of the complaint, unless there is, in one respect, a fatal variance between the pleading and proof. It appears, in the respect referred to, that evidence was introduced tending to prove a license for the construction of an open ditch upon and over the lands of appellants, instead of a tile ditch. In other words, the license was granted, the ditch was constructed, and afterwards obstructed, substantially, in every particular, in manner and form, as alleged and described in the complaint, with the exception that said ditch or drain was an open and not a tile ditch or drain.

Instead of proving a license to construct a tile drain, the evidence established a license to construct an open drain.

The *gravamen* of the action was to recover damages because of the unlawful obstruction of a drain, which caused appellants' lands to overflow. The vital questions affecting the substantial rights of the parties were wheth-

er appellees had granted the license; whether the drain had been constructed on the faith of such license, and whether it had been wrongfully obstructed by appellees to appellants' injury.

It appears that after the evidence had all been heard, and before the argument of counsel had begun, appellants asked leave and moved the court, in writing, to allow them to amend the second paragraph of the complaint "by striking out the word 'tile' where the same occurs in connection with the description of the drain alleged to have been licensed by defendants," for the purpose of conforming the complaint to the proof. The motion was overruled and proper exception reserved.

Appellants thereupon asked the court to give the jury the following instruction:

"It is averred in the complaint that the defendants licensed certain persons to construct a tile ditch or drain across the lands owned by them. You are instructed that the plaintiffs, in order to show such license, need not show that the tile was in fact laid in said ditch, if it was, in compliance with such license, dug and made ready for such tile. The material thing is whether license was given to construct a ditch across defendants' lands, and whether such ditch was so constructed, and not whether tile were to be laid in said ditch, or were in fact laid therein."

The court refused to give this instruction, and proper exception was reserved.

The court, at appellees' request, gave the following instruction:

"If you find, from the evidence, that there was no natural watercourse across the lands of defendants at the time of the construction of the drain mentioned in plaintiffs' complaint, then you can not find for the plaintiffs in this case, unless you find that defendants

gave a license for the construction of a tile drain across their lands, and that, in pursuance of such license, such a tile drain was constructed on or across defendants' lands, and that, without right, defendants have obstructed such tile drain to plaintiffs' damage."

Exception was reserved to the giving of this instruction.

The record, as we understand it, discloses a state of facts which would have justified the trial court in granting appellants leave to amend the complaint by striking out the word *"tile."*   We do not, at this time, see how such an amendment could have affected or prejudiced the rights of appellees; but if such an amendment, when made, had been in any respect to their disadvantage, the court would doubtless, on proper application, have set aside the submission and continued the cause at appellants' costs.

Whether the ruling of the court, in refusing to permit appellants to make the amendment desired, is shown to have been such an abuse of the discretion of the trial court as to warrant a reversal, we need not, in the view we have taken of the case, determine.

Conceding, without deciding, that there was no error in this ruling, we pass to the consideration of the other questions presented.

In order to entitle appellants to recover, it was incumbent on them to prove by a preponderance of the evidence, to the satisfaction of the jury, under proper instructions of the court, the essential facts alleged in their complaint, which included, among others, the following:

1.  A license.

2.  The construction of the ditch.

3.  Its wrongful obstruction.

The evidence is not in the record, and it is not our province to form or express any opinion as to the merits of the controversy; but the bill of exceptions, fully and

fairly, in our judgment, present, for our consideration, the material question as to whether the court erred in the instructions given and refused. The statute, in our opinion, is decisive of the case.

It is provided in section 391, R. S. 1881, that: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits."

In this connection, also read the next section, which provides: "Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs." Section 392, R. S. 1881.

When the allegations of the complaint, to which proof is directed, is unproved, not in some particular or particulars only, but in their general scope and meaning, then the case is not one of variance but is a failure of proof. Section 393, R. S. 1881.

The ruling of the trial court, as indicated by the instructions given and refused, was based on the theory that appellants could not, under any circumstances, recover unless they had proved the obstruction by appellees of a tile drain, constructed under license of appellees. In the opinion of the court, whether it was a tile or open drain was the vital and controlling question.

In substance and effect, the court said to the jury, that although they might believe that appellees had granted the license to construct an open drain, and that such drain had been constructed on the faith of the license, and that it had been wrongfully obstructed by appellees, and that appellants had been injured thereby, yet appellants could not recover because of the allegations in the complaint that such drain was a tile drain.

The court should not have said to the jury, that notwithstanding appellants have fully proven to your satisfaction all the other facts essential to a recovery by them; a verdict should be returned against them solely because of the fact that the drain was an open one instead of a tile ditch.

It is conceded that there was no evidence whatever in relation to a tile ditch, and the record discloses that because of the fact that all of the evidence related to an open ditch, the trial court was of the opinion that appellants were not, under any circumstances, entitled to recover in this action.

In this conclusion, we believe the court was in error. A reasonable and fair construction of the recitals in the bill of exceptions, relative to the evidence, shows that there was evidence introduced on the trial tending to prove the allegations of the complaint in their general scope and meaning, and the only variance is in the particular referred to which does not constitute a failure of proof; and, therefore, for reasons hereinbefore given, our conclusion is that the court erred in refusing to give the first instruction and in giving the second instruction. See *Steinke* v. *Bentley*, 6 Ind. App. 663, and authorities there cited.

The judgment of the court below is reversed, with instructions to grant a new trial with leave to amend pleadings if desired.

Filed June 24, 1893.