LOUISA M. ACHENBACH, *as Administratrix of the Estate of T. M. Achenbach, deceased*, v. THE POMEROY COAL COMPANY.— SAME v. THE WESTERN NEWSPAPER UNION.

Nos. 32, 33.

INSOLVENT CORPORATION — *Dead Stockholder* — *Enforcement of Liability.* The summary proceeding by execution to enforce the individual liability of a stockholder in an insolvent corporation cannot be employed to enforce such liability against the estate of a deceased stockholder, which is in course of settlement in the probate court.

MEMORANDUM.— Error from Washington district court; F. W. STURGES, judge. Actions brought by The Pomeroy Coal Company against The Lincoln Stone and Marble Company, and by The Western Newspaper Union against same. In each action judgment was rendered for the plaintiff. In each case a motion was made for execution against Louisa M. Achenbach, as administratrix of the estate of T. M. Achenbach, deceased, and granted, from which orders she brings the cases here. Reversed. The opinion herein, filed November 11, 1895, states the material facts.

*Powell & Powell*, and *J. W. Rector*, for plaintiff in error.

*Joseph G. Lowe*, for defendant in error The Pomeroy Coal Company.

*Chas. Smith*, for defendant in error The Western Newspaper Union.

The opinion of the court was delivered by

GARVER, J.: These two cases involve substantially the same facts, and the decision in each case turns upon the answer which shall be given to the question:

Can the individual liability of a stockholder in an insolvent corporation be enforced through the summary proceeding by execution against the estate of a deceased stockholder which is in course of settlement in the probate court? Our attention has not been called to any case in point, and we have found none, but, upon principle, we think the question must be answered in the negative. In these cases, judgments were obtained against the corporation, executions issued, and returned "No property." Thereafter, on motion of the plaintiffs, and after due notice to the administratrix of the estate of T. M. Achenbach, deceased, who was a stockholder in the corporation at the time of his death, the court made an order awarding execution against the estate of the deceased for the collection of the judgments against the corporation. This decision is assigned as error by the administratrix.

The *status* of the property of a deceased person is fixed at the time of his death. When an administrator has been duly appointed and qualified, the assets of the estate pass into the custody of the law as far as is necessary for the settlement of the estate and the payment of the debts and liabilities of the deceased. Except as provided by the statute, no creditor can thereafter, through any legal remedies, secure preference in the payment of his claim. The statute fixes the classification of demands against the estate, and provides for their payment in accordance therewith. (Gen. Stat. 1889, ¶ 2864.) The preferred claims are : First, funeral expenses ; second, expenses of last sickness, wages of servants, expenses of administration ; third, debts due the state ; fourth, judgments rendered against the deceased during his lifetime. After the payment of the foregoing, and

not until then, can general creditors, without special liens, demand payment of their claims.    A demand against an estate may be established by a judgment of the district court. (Gen. Stat. 1889, ¶ 2870.)  But unless it is for the enforcement of a specific lien, before the judgment creditor is entitled to payment of his judgment, it must be filed and classified in the probate court. (Gen. Stat. 1889, ¶ ¶ 2884, 2885.) The liability of a stockholder in an insolvent corporation is of the nature of a liability on contract, and survives against the legal representatives of a deceased stockholder. (*Flash v. Conn*, 109 U. S. 371; *Richmond v. Irons*, 121 id. 27.)    This liability may be determined by an ordinary action in the district court, or established by proceedings in the probate court, which has "jurisdiction to consider and determine all demands against any estate." (Gen. Stat. 1889, ¶ 2871; *Nolan v. Hazen*, 44 Minn. 478.)   The summary proceeding by execution does not result in a judgment against the estate of the deceased stockholder.    It is not a determination which can be made the basis of proceedings in a court other than that in which the judgment against the corporation was rendered. (*Hentig v. James*, 22 Kan. 326; *Howell v. Manglesdorf*, 33 id. 194.)    The only purpose and object of the proceeding is to authorize the issuing of an execution against property.    Beyond that the finding and order of the court do not go.    In principle, we see no difference between such a proceeding against the estate of a deceased stockholder and an application for an execution on an ordinary judgment against the administrator in his official capacity.    It needs no argument to show that the common remedies by execution and attachment, which are generally available to a creditor for the purpose of enforcing his judgment, cannot be used, after the

death of the judgment debtor, to reach the assets of his estate. As said in *Strouse v. Lawrence*, 160 Pa. St. 421 :

"If this can be done as to one asset of a decedent's estate it can be done as to all, and any creditor with a claim sufficient to absorb the whole personal estate of a decedent can, by process of attachment execution on a judgment obtained after the death of the decedent, appropriate the entire estate to the payment of his debt, to the exclusion of all other creditors."

We know of no reason why one seeking to enforce the liability of a deceased stockholder in an insolvent corporation should be put upon a more favorable footing than an ordinary judgment creditor of the deceased. The law contemplates that all general creditors having demands of the same class against the estate of a deceased person shall be upon an equality, and shall be paid *pro rata* out of the estate in the due course of its administration in the probate court. To permit an execution to be issued against the assets of an estate in the hands of an administrator in favor of any creditor or claimant would do violence to the whole spirit of the law concerning the settlement of the estates of deceased persons, and would result in an unwarranted interruption of any orderly administration. If it be suggested that the order of the court need not be carried out by the actual issuance and service of the execution, the query arises, For what purpose was the order made? If it is not to be enforced, why this useless expense to the estate? We are clearly of the opinion that this summary remedy is not available in such cases.

The order of the court awarding execution will be reversed and the cases remanded, with directions to overrule the motions for execution.

All the Judges concurring.