WILLIAM DONIFELSER, as *Executor of the Estate of
Frederick Donifelser, deceased*, v. CATHARINE C.
HEYL, as *Executrix of the Estate of Michael Heyl, de-
ceased, et al.*[*]

**No. 281.**

1. FOREIGN EXECUTOR— *Suits by or against—Jurisdiction of
Court*.   The construction of paragraph 2989, General Statutes
of 1889 (Gen. Stat. 1897, ch. 107, § 147), placed upon said section
by the supreme court in *Cady v. Bard*, 21 Kan. 667, followed.

2. ———— *Sole Devisee — Attachment—Judgment*.   Where the
non-resident executrix of the will of a non-resident decedent is
also the sole devisee of the real estate belonging to the testator
and situated in this state, and where the land was levied on in
attachment proceedings brought against the executrix in that
capacity, *held*, that such proceedings bind the defendant as de-
visee of the land.

Error from Lyon district court; CHARLES B.
GRAVES, judge.   Opinion filed March 14, 1898.   Re-
versed.

[*] Affirmed in supreme court, November 5, 1898.  See 59 Kan. 779.  REP.

Donifelser v. Heyl.

ATTACHMENT action in the district court of Lyon county by William Donifelser, as executor of the estate of Frederick Donifelser, deceased, against Catharine C. Heyl, as executrix of the estate of Michael Heyl, deceased, upon a promissory note executed by decedent and defendant. Service by publication, both parties being residents of the state of Illinois. The writ of attachment was levied on a tract of land belonging to the Heyl estate and situate in Lyon county.

In due time judgment for the amount claimed was rendered, the attachment lien was confirmed, and the real property ordered sold to satisfy the judgment and lien. Before further proceedings were had, on application of Mrs. Heyl, the judgment was opened, under the provisions of section 76 of the civil code, and she was let in to defend.

The answer averred that Michael Heyl died in Cook county, Illinois, testate; that his last will was duly probated in Cook county; and that he died seized of the real property in controversy. The principal contention of the defendant was that the district court of Lyon county had no jurisdiction over the land by attachment or otherwise.

From the findings made by the court, it appears that Mrs. Heyl was the sole executrix of the last will of her husband, Michael Heyl, and sole devisee of the real estate in controversy, of which Michael Heyl was at the time of his death the owner in fee simple; that he had no other property in this state; that the claim sued on was never presented to the probate court of Cook county, Illinois, for allowance against the Heyl estate, although in that court the will was duly probated and the defendant appointed executrix thereunder; and that the defendant was sued in her representative

capacity only. The court set aside the former judg-
ment and ·all attachment proceedings, and entered
judgment in favor of the plaintiff and against Mrs.
Heyl, as executrix, for $651.40, "to be paid in due
and orderly course of administration of the estate of
Michael Heyl, deceased.

C. M. Sterry, and Wm. R. Hazen, for plaintiff in error.
L. B. & J. M. Kellogg, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: Two alleged errors are discussed in
the brief of counsel for plaintiff in error. The first
relates to the action of the court in opening the origi-
nal judgment and allowing the defendant to plead to
the petition. No exceptions appear to have been
taken to the ruling of the court in that regard; hence
the question need not be considered.

The other matter complained of is the vacation of
the attachment proceedings and the former judgment.
It is contended by counsel for defendant that upon
the death of Michael Heyl his real property descended
at once to his heirs or devisees, and the defendant had
no attachable interest in the land in question. Coun-
sel say:

"In this case the title to the land had gone to Mrs.
Heyl as heir and devisee under the will. As execu-
trix she had no title and no property in the land.
And she was sued only as such executrix. The court
properly held all the proceedings based upon the at-
tachment as void, and vacated and set them aside."

The case of Britton v. Hunt, 9 Kan. 228, is relied on
in support of this claim. On the other hand, counsel
for plaintiff in error maintain that, under section 147,
chapter 107, General Statutes of 1897, as construed

in the case of *Cady v. Bard*, 21 Kan. 667, the attachment proceedings were valid.   That section reads :

"Any executor or administrator duly appointed in any other state or country may sue or be sued in any court in this state, in his capacity of executor or administrator, in like manner and under like restrictions as a non-resident may sue and be sued."

The syllabus in *Cady v. Bard*, supra, is as follows :

" Under section 203, page 472, General Statutes, a foreign executor or administrator may be sued in an action on a contract for the recovery of money, and service obtained by attachment and publication."

From an examination made by the writer hereof of the very meager record in that case, it appears that the action was brought against the non-resident executors, as such, upon a contract under which they had received $500 ; that certain property was attached, the nature of which was not stated ; and that a motion to set aside the service, dissolve the attachment, and dismiss the action for want of jurisdiction was sustained.   The supreme court reversed the ruling of the trial court.   It would seem that the property there attached was held by the defendants as executors, and that the supreme court meant to hold that the statute quoted is to be taken literally.   One sentence in the opinion is especially significant : " That a state has jurisdiction over all property within its territorial limits, and may subject it to the process of its courts, will not be doubted."   See also *Denny v. Falkner*, 22 Kan. 89, 95.   To hold the statute not broad enough to cover the present case is to hold it to be so narrow that it covers nothing.   What was the gain to the plaintiff below in obtaining the judgment finally awarded him?   He could not collect it by the ordinary post-judgment process of the court which

rendered it.   He would be obliged to wait hoping that something might come to him through the proceedings of the probate court of Cook county, Illinois.

Another proposition of law not discussed by counsel may be regarded as applicable here.   Mrs. Heyl is not only sole executrix, but she is also sole devisee of the Lyon county land under the will.   If the plaintiff had the right to sue any one, to recover upon the Heyl note, he could sue the executrix only.   If then he had the right to sue the executrix and did sue her and obtain the judgment, she was bound by the judgment, not only in the capacity of executrix, but also in the capacity of devisee.

In *Colton v. Onderdonk*, 69 Cal. 155, a paragraph of the syllabus reads, in substance, that if a devisee of land in possession thereof, pending the settlement of the estate of the testator, be also the executrix of the testator's will, a recovery in an action by her in her own name is a bar to her recovery for the same cause of action in her capacity of executrix.   Citing *Stewart v. Montgomery*, 23 Pa. St. 410.

Freeman, in discussing the doctrines of privity, after stating that a judgment against an administrator or executor is never conclusive against the heirs or devisees, but that such a judgment is *prima facie* evidence against the realty, adds :

" In proceedings against heirs by *scire facias*, to revive a judgment recovered against the executors, and to make it a charge against real estate, the *onus* of proof in respect to the justness of the claim is thrown upon the heirs.   It is clear, however, that such proceedings do not preclude a defense upon original grounds, except where the administrator or executor is also the heir or devisee.   For, though in this case a party claims in two capacities, a judgment against him in one capacity is also conclusive against him in

Donifelser v. Heyl.

the other. He represents the interests of one and the same person, and has full opportunity, in a suit against himself as personal representative, to protect his rights as successor to the realty. It is not intended that one so situated should have the right to be twice heard upon the same controversy." (Judgm., 3d ed., § 163.)

Also, citing *Stewart v. Montgomery*, supra, and *Boykin v. Cook*, 61 Ala. 473, both of which support the proposition that a devisee is bound by the judgment rendered against him as executor. In the first of these two cases the syllabus reads :

"Though, in a proceeding in *scire facias* on a judgment against the executor alone, the heir or devisee who has not been notified is not precluded by the judgment, but may contest it, yet where the executor is the sole devisee of the real estate the judgment is conclusive."

See also 2 Black on Judgments, § 536.

We think that under the facts and the law the trial court erred in setting the original judgment and the attachment proceedings in this action aside. Its final judgment herein will therefore be reversed, and the cause remanded for further proceedings in accordance with the foregoing views.