THE PUBLISHING HOUSE OF THE EVANGELICAL ASSO-
CIATION v. CATHARINE C. HEYL, *as Executrix, etc.*,
*et al.*

**No. 11,544.** (60 Pac. 317.)

1. NEW TRIAL—*Procedure.* The code provides how and when a judgment may be vacated and a new trial obtained, and the procedure therein prescribed must be followed.

2. ———— *Action in Equity.* An action in equity cannot be maintained to vacate a judgment and grant a new trial because errors were committed in the course of the trial, an ineffectual attempt having been made to have the errors corrected in accordance with the requirements of the code.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed March 10, 1900. Affirmed.

*Wm. R. Hazen*, for plaintiff in error.

*L. B. & J. M. Kellogg*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: Two attachment proceedings were commenced against Catharine C. Heyl, executrix of the estate of Michael Heyl, deceased, one by the plaintiff, and the other by William Donifelser, each of which was prosecuted to final judgment in the district court and resulted in favor of the defendant. An attempt was made to obtain a review of the cases, but the court of appeals held that the record of the proceedings taken up by the plaintiff was not properly authenticated and ordered a dismissal. The Donifelser case, involving the same questions, was afterward reviewed and the judgment of the district court was reversed. (7 Kan. App. 606, 52 Pac. 468.) The plaintiff now insists that the decision of that case determined that its case was wrongly decided in the court below, and that it is entitled to be relieved from

the effect of the erroneous judgment.   It is contended
that, as the judgment cannot be set aside and a new
trial granted in accordance with the methods pointed
out by the code, the assistance of equity may be in-
voked to effect that end.   The plaintiff therefore be-
gan this proceeding in equity to obtain a new trial,
stating all the facts pertaining to the litigation, in-
cluding the one that by reason of a defect in the
record the merits of its attachment case were not re-
viewed, although it now appears from the decision of
the companion case that plaintiff's contention was
correct.   The court sustained a demurrer to the peti-
tion, holding that the facts stated therein did not con-
stitute a cause of action against the defendant.

The demurrer was rightly sustained.   The code
prescribes the time and the methods for obtaining a
new trial, and parties desiring one must conform to
the statutory requirements.   Here there was a trial
upon the merits, with findings of fact and law, a mo-
tion for a new trial was overruled, and judgment was
finally entered.   An abortive effort was made to set
aside the judgment, and it now stands as a final and
binding adjudication.   Judgments fraudulently ob-
tained may be enjoined and vacated in courts of
equity, but the assistance of equity may not be in-
voked to correct errors of law occurring in the course
of judicial proceedings.   The statute furnishes an ade-
quate remedy which supersedes previously existing
remedies.   The remedy was lost by reason of a mis-
take in the certification of the record, but the mistake,
whoever may have been responsible for it, constitutes
no ground for equitable interference or for overlook-
ing the limitations of the code as to the time and man-
ner of vacating judgments and obtaining new trials.
Aside from the absence of equitable grounds, the most

liberal statute of limitations gives a district court but three years within which to vacate its own judgments or orders and to grant a new trial, and in the present case it appears that more than six years had elapsed. (Gen. Stat. 1897, ch. 95, §§ 601–603 ; Gen. Stat. 1899, §§ 4862, 4869.)

There is error in the judgment that was rendered against the plaintiff, but unfortunately for it the remedy which it seeks is not available. The judgment of the district conrt in sustaining the demurrer will be affirmed.