REUBEN M. MANLEY, as *Executor*, etc., v. RICHARD A. PARK.

No. 11,833. (64 Pac. 28.)

1. RES JUDICATA—*Jurisdiction of Subject-matter and Parties.* When a court having jurisdiction of the subject-matter and the parties to an action renders judgment therein, and the party aggrieved thereby fails to effect an appeal within the time and in the manner provided by law, such judgment is *res judicata* as to all matters necessarily involved in the action and, therefore, presumably considered by the court, save only such propositions appearing in the record as relate to the jurisdiction of the court over the subject-matter and parties to the action.

2. ———— *Dismissal by Supreme Court Immaterial.* In such case, the fact that a proceeding in error was begun in this court and dismissed for non-compliance with the statute will not change the rule as to the conclusiveness of the judgment of the court below.

Error from Atchison district court; W. T. BLAND, judge. Opinion filed March 9, 1901. *In banc.* Affirmed.

STATEMENT.

IN November, 1895, an action was commenced by the defendant in error against Wm. H. Risk, as executor of the last will of George Manley, deceased. The action was founded on certain debentures issued by the Kansas Trust and Banking Company, of which

the decedent was a stockholder. The petition alleged that said company was an insolvent Kansas corporation, organized to loan money, which had suspended business for more than one year; that Manley was a resident of Union county, New Jersey, at the time of his decease; that he died testate; that Risk had been designated in the will and had been subsequently duly appointed as executor and trustee of the estate of the decedent by the orphans' court of Union county. Afterward, in due course and regular form, R. M. Manley was substituted as executor by said orphans' court, and as defendant in the court below, in lieu of Risk, and said Manley, as such executor, filed an answer in said cause, to which reply was made. The plaintiff sought to charge the defendant, R. M. Manley, as executor, with liability as a stockholder of said insolvent trust company. The allegations of the petition are formal and voluminous. The debentures had not been reduced to judgment against the insolvent corporation which issued them.

An attachment was issued at the time the action was commenced and levied on lands held by the defendant as such executor, situate in Atchison county, and service by publication was duly had. Afterward, and on the 13th day of December, 1897, the case was tried to the court, without a jury, and the plaintiff recovered judgment for $2463.07, and an order for the sale of the property attached was made. A motion for a new trial was filed and overruled, and the cause was brought here by petition in error and dismissed, on motion, without a hearing on the merits. (*Manley v. Park*, 61 Kan. 857, 58 Pac. 961.)

On the 12th day of December, 1899, there were filed in the court below the mandate and judgment of this court dismissing the petition and proceedings in error,

and on May 31, 1900, the defendant filed two motions—one to set aside the judgment theretofore rendered against him in said cause, the other for an order to return the order of sale which had been issued on said judgment. In each of said motions it was alleged that the court had no jurisdiction to entertain such suit, to render judgment, or to order the property attached to be sold to satisfy the same ; that the record in the cause showed that the plaintiff was not a judgment creditor of said insolvent corporation ; that the company had not been dissolved by the expiration of the time limit in its charter or by a judgment of dissolution ; that the plaintiff had a special security for the payment of his debts, which he did not allege had been exhausted ; that the act of the legislature of Kansas, entitled ''An act concerning private corporations,'' approved March 6, 1883, was unconstitutional ; that the suit was prosecuted against the executor of a dead man, and under our constitution and laws the probate court of Atchison county, and not the district court, had jurisdiction ; that no attachment could legally issue against the property of the defendant executor ; that section 203 of the executors' and administrators' act (Gen. Stat. 1897, ch. 107, § 147 ; Gen. Stat. 1899, § 2892) is unconstitutional, and contravenes sections 6 and 8 of article 3 of the constitution of the state of Kansas, and, also, violates sections 1 and 2 of article 4, and the fourteenth amendment to the constitution of the United States, and section 27 of the act of congress creating the territory of Kansas ; that in rendering said judgment said district court did not give full faith and credit to the public acts and judicial proceedings of the orphans' court of Union county, New Jersey, according to the requirements of section 1 of article 4 of the constitution of the United States,

and did not accord to the defendant, a citizen of New Jersey, the privileges and immunities of an executor resident in this state, contrary to section 4 of article 2 of the federal constitution, enforcing said section 203 of the executors' and administrators' act of this state, which abridges the privileges of the defendant and his immunity from suit by attachment, deprives him of his property without due process of law, and denies him the equal protection of the law, contrary to the fourteenth amendment to the constitution of the United States.

These motions were heard together, and overruled. An exception was taken, and the order of the court in overruling said motions is brought here for review.

*David Martin*, and *L. F. Bird*, for plaintiff in error.
*Jackson & Jackson*, for defendant in error.

The opinion of the court was delivered by

ELLIS, J.: Although several assignments of error were made herein and argued at great length by the learned counsel for the plaintiff in error, the one question necessary for us to consider, in the present status of this case, is, Was the judgment of December 13, 1897, absolutely void? If it was null and void, it could properly be attacked by the motions, the over-ruling of which constitutes the grievance now complained of, and, if not, it stands as a final determination of all the matters in controversy in the action in which it was rendered, and as to those matters it is *res judicata*. The mere announcement that the defendant voluntarily appeared and pleaded to the action will suffice to dispose of and determine in the affirmative the question as to whether the court below had jurisdiction of the person of the non-resident

defendant. There remains, then, for our consideration, the question as to whether such judgment was void for want of jurisdiction of the subject-matter, or because it was not within the powers granted to the court by the laws of its organization.

Section 6 of article 3 of the constitution of this state provides that "the district courts shall have such jurisdiction in their respective districts as may be provided by law"; and by statute it is enacted that "there shall be in each county organized for judicial purposes a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal (not otherwise provided by law)." (Gen. Stat. 1897, ch. 85, § 1; Gen. Stat. 1899, § 1879.) Surely this grant of power is broad enough to confer jurisdiction, except as to those matters only which by statute are withheld or ceded to another tribunal.

It will be noted that the present case was an action for the recovery of money upon a contractual liability against a foreign executor, and specific authority for the bringing of such an action may be found in section 147, chapter 107, General Statutes of 1897 (Gen. Stat. 1899, § 2892), which reads:

"An executor or administrator duly appointed in any other state or country may sue or be sued in any court in this state, in his capacity of executor or administrator, in like manner and under like restrictions as a non-resident may sue or be sued."

In the case of *Cady v. Bard*, 21 Kan. 667, the statute just quoted was construed by this court, and in the opinion Mr. Justice Brewer said:

"Now, a non-resident may be sued in an action on a contract for the recovery of money, and service may be obtained by attachment and publication. In 'like

manner' may a foreign executor or administrator be sued. That a state has jurisdiction over all property within its territorial limits, and may subject it to the process of its courts, will not be doubted. Whether a judgment rendered upon a service by attachment and publication has any extraterritorial force, or binds any thing other than the specific property attached, we need not inquire. It is enough for the purposes of this case to hold that jurisdiction may be acquired, so far as may be necessary, to cut off all interest of the non-resident defendant in the property attached.''

In the syllabus in that case it was laid down as the law of this state that, under the statutory provision just quoted, a foreign executor or administrator may be sued in an action on a contract for the recovery of money, and service obtained by attachment and publication. See, also, *Denny v. Faulkner*, 22 Kan. 96; *Dunlap v. McFarland*, 25 id. 490; *Donifelser v. Heyl*, 7 Kan. App. 606, 52 Pac. 268, affirmed, 59 Kan. 779, 54 Pac. 1059.

The statutes conferring jurisdiction on the probate courts of this state do not nullify the provisions of the statute permitting actions to be brought by and against foreign executors and administrators in the same manner as they may be brought by and against non-residents of the state. It would be idle to cite the various provisions of our constitution and laws relating to the jurisdiction of probate courts in the care of the estates of deceased persons, minors, and persons of unsound mind, for, in the view we have taken of this case, it is necessary for us only to determine the question as to whether, under the constitution and laws of this state, the district court of Atchison county had jurisdiction to entertain a suit like the present, commenced against a non-resident executor by attach- ment and service by publication. If a court should

assume to act in a case over which the law did not give it authority, the judgment would be altogether void. This would be true whether objection be made to the exercise of unwarranted power on the part of said court or not. But the court "has jurisdiction of any subject-matter, if, by the law of its organization, it has authority to take cognizance of, try, and determine cases of that description." (Cooley, Const. Lim., 6th ed., 491.)

In *Morrow v. Weed*, 4 Iowa, 77, 89, the court said that the source of jurisdiction is: "(1) The law; (2) a petition (or whatever stands in its place); (3) notice (when such is required)."

"It is the character of the suit on the part of a plaintiff which gives the right of jurisdiction to a court, so far as the subject-matter is concerned, and not of the defense thereto. Where a statute grants a right, jurisdiction attaches, even if another statute may make a certain circumstance a bar to that right, if pleaded by the defendant." (Wells, Jurisd. §4.)

Another author on the same subject says:

"Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." (Brown, Jurisd. §1a.)

"By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought; and this is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred." (*Cooper v. Reynolds*, 77 U. S. 308, 316, 19 L. Ed. 931.)

"Jurisdiction of the subject-matter is the court's jurisdiction of the cases of a general class to which any particular case and the relief sought therein may belong." (12 Encyc. Pl. & Pr. 121, n. 1. and cases cited. See, also, *United States v. Arredondo and others*, 6 Pet. 691, 8 L. Ed. 547; *Fithian v. Monks et al.*, 43 Mo. 502; *Hunt v. Hunt*, 72 N. Y. 229; *Cook v. Bangs*, 31 Fed. 640; *Florentine v. Barton*, 69 U. S. 210; *Hallock v. Dominy et al.*, 69 N. Y. 240.)

In *Donifelser v. Heyl*, 7 Kan. App. 606, 52 Pac. 268, which was an action brought by a foreign executor by attachment against a foreign executrix, on which judgment was rendered for the plaintiff and the real property attached ordered to be sold to satisfy such judgment, the court, on application of the defendant, opened the judgment and permitted the foreign executrix to come in and defend, and after a trial the court entered an ordinary judgment in favor of the plaintiff and against the defendant as executrix, but refused to order the property sold which had been attached. In commenting on the statute quoted above (Gen. Stat. 1897, ch. 107, § 147; Gen. Stat. 1899, § 2892), the court said:

"To hold the statute not broad enough to cover the present case is to hold it to be so narrow that it covers nothing. What was the gain to the plaintiff below in obtaining the judgment finally awarded him? He could not collect it by the ordinary post-judgment process of the court which rendered it. He would be obliged to wait, hoping that something might come to him through the proceedings of the probate court of Cook county, Illinois."

To hold in the present case that the foreign executor might be sued, that an attachment might issue under which the land might be seized, that service by publication as in ordinary cases might be made with like effect, and then to say that after judgment had been

rendered the particular property seized could not be sold by the order of the court, would be to decide that the statute itself was meaningless and afforded to the plaintiff no redress or benefit.

A court acquires jurisdiction of the *res* where there is a substantial compliance with the provisions of law for the bringing of a suit in attachment, where the writ is issued and the property actually seized thereunder, and where the requisite notice is given the defendant.

"Whenever specific property is subject to seizure and sale for the satisfaction of particular demands, courts of the state where the property is situated have undoubted jurisdiction without reference to the residence of the parties." (12 Encyc. Pl. & Pr. 145.)

"The rule is that when a party out of the jurisdiction has property within the jurisdiction of the court, the jurisdiction of the cause may be acquired by issuance of process against and seizure of such property, even though the defendant cannot be served with personal process, but the jurisdiction thus acquired will merely authorize the ascertainment of the obligation and subjection of the property to the extent thereof if so much is seized, and will not support a personal judgment in the absence of personal service." (Id. 143.)

"In proceedings *in rem*, as well as in those which are in the nature of proceedings *in rem*, actual notice to parties is not necessary, but constructive notice, either generally to the whole world, where the proceeding is purely *in rem*, or specially to the parties interested where the proceeding is *quasi in rem*, is sufficient." (Id. 146.)

"That a state has jurisdiction over all property within its territorial limits and may subject it to the process of its courts will not be doubted." (*Cady v. Bard*, supra. See, also, *Miller v. United States*, 78 U. S. 268, 294, 20 L. Ed. 135; *The Rio Grande v. Otis*, 90 id. 458, 23 L. Ed. 158; *Arndt v. Griggs*, 134 id. 316, 10 Sup. Ct. 557, 33 L. Ed. 918.)

It is proper for a court, in determining the validity of a statute, to consider whether it has long been followed and acquiesced in without a question as to its constitutionality being raised. For more than thirty years our statute providing that foreign executors may sue and be sued in any court in this state in like manner as suits may be brought by and against non-residents generally has been in force, has been acted on and construed by our courts, and never before, so far as we are able to ascertain, have its provisions been challenged as repugnant to our own constitution or to the constitution of the United States. Indeed, the validity of this section was expressly recognized in *Eells v. Holder*, 2 McCrary, 622, 12 Fed. 668. As to all of the objections raised in this case which we have not discussed, it may be said that they must be treated as having been passed upon by the court below. If the court had jurisdiction to render judgment at all, its judgment rendered December 13, 1897, must be regarded as final, and whether right or wrong it must be upheld. The power to determine and decide a case includes the power to decide it wrong as well as to decide it right. In this case it must be held that the court below passed on and upheld the several statutes not cited in this opinion which are assailed by counsel for the plaintiff in error as unconstitutional. We do not discuss them, because they do not relate to the jurisdiction of the district court over the parties or the subject-matter herein.

In *Florentine v. Barton*, supra, the validity of an Illinois statute and judgment therein was involved, and the court held that, "whether the decision be correct or otherwise, its judgment, until reversed, is binding on every other court." It also held:

"The question raised as to the constitutional power of the legislature of Illinois to pass the private acts

modifying the general course of proceedings in similar cases was necessarily decided by the circuit court of the state, under whose order and supervision this sale was made.''

In *Board of Children's Guardians of Marion County, etc., v. Shutter*, 139 Ind. 268, 34 N. E. 667, 31 L. R. A. 740, the court said :

''A judgment founded on a statutory bond, depending for its validity wholly on the statute, which is unconstitutional and void, is not void, and cannot be collaterally impeached because the statute is unconstitutional and void.''

Thereupon the court disposed of the case, as it said, ''without deciding anything whatever about the constitutionality of the statute so ably and exhaustively discussed.'' See, also, *Chicago & Alton R. R. Co. v. Wiggins Ferry Co.*, 108 U. S. 18, 1 Sup. Ct. 614, 27 L. Ed. 636.

In *Ex parte Tobias Watkins*, 3 Pet. 193, 202, 7 L. Ed. 650, the court said of the judgment rendered by a court having jurisdiction :

''A judgment, in its nature, concludes the subject on which it is rendered and pronounces the law of the case. The judgment of a court of record whose jurisdiction is final is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts.''

''When any tribunal has jurisdiction of the subject-matter of and the parties to any controversy, and renders a judgment thereon, such judgment is conclusive between the parties. If the rulings of that tribunal are adverse to one party and wrong, he should seek to correct that judgment by error or appeal. Failing to do that, he is estopped from further inquiry.'' (*Anthony v. Halderman*, 7 Kan. 50, 63.)

''The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps .

or the groundwork upon which it must have been founded." (*Burlen v. Shannon,* 99 Mass. 200, 203, quoted and approved in *Harshman v. Knox County,* 122 U. S. 306, 7 Sup. Ct. 1171, 30 L. Ed. 1152.)

"If the petition sets forth facts sufficient to challenge the attention of the court with regard to its merits or authorize the court to deliberate with respect thereto, then the judgment subsequently rendered upon it is not void, but at most is only voidable, and it cannot even then be held to be voidable except when it is attacked directly and in a direct proceeding." (*Head v. Daniels,* 38 Kan. 1, 6, 15 Pac. 911; *John P. Greer v. Daniel M. Adams,* 6 id. 203; *Rowe v. Palmer,* 29 id. 337; *Entreken v. Howard, Adm'r,* 16 id. 551; *Bryan v. Bauder,* 23 id. 95.)

It follows that if, as to any of the rulings and decisions made by the court below upon matters not directly involving its power and jurisdiction to entertain the suit and render judgment therein, the defendant below was aggrieved, he had but one remedy therefor —that of appeal, within the time and in the manner provided by law. The fact that the appeal in this case was dismissed does not change the result, and the judgment must be regarded as final after the expiration of the time in which an appeal is allowed by law. (Wells, Res. Adj. & St. D. § 9.)

We conclude, therefore, that the court below was invested with the power to hear and determine this case, that it had jurisdiction of the parties and the subject-matter, and that its judgment rendered December 13, 1897, is final and conclusive. For that reason the decision and judgment of the court below in overruling the aforesaid motions must be affirmed.