## MILLER ET AL. v. STATE, EX REL. HILL.

[No. 6,279.    Filed December 17, 1908.]

1. PLEADING.—*Complaint.*—*Amendments.*—*Time of Making.*—The trial court has the statutory right (§403 Burns 1908, §394 R. S. 1881) to permit the plaintiff to amend the complaint after the jury is sworn to try the cause. p. 631.

2. TRIAL.—*Continuance.*—*Amendments to Complaint.*—Where an amendment to a complaint, which changed the issues, is permitted after the trial has begun, the defendants' remedy is a motion for a continuance. p. 631.

3. NEW TRIAL.—*Sufficiency of Evidence.*—*Work and Labor.*—Where the evidence showed that the relator performed work for defendants under an oral contract, that defendants accepted the benefits thereof, and have not paid therefor, a verdict for such relator is supported by the evidence. p. 631.

4. APPEAL.—*Weighing Evidence.*—*Credibility of Witnesses.*—The Appellate Court will not weigh the evidence as to the credibility of witnesses. p. 632.

5. WORK AND LABOR.—*Contracts.*—*Gravel Roads.*—Where the contractors for a gravel road employed certain parties to perform certain work, and such parties entered into a contract with the relator to do a part of said work, such parties then abandoning the work, and the original contractors entered into an oral contract with relator to finish such work, relator is entitled to recover from such contractors for the work subsequently done and also to recover the money remaining in such contractors' hands for the work previously done. p. 632.

6. TRIAL.—*Variance.*—*Work and Labor.*—Where a complaint alleged that relator performed certain work according to contract which defendants accepted and for which defendants had not paid him, and the evidence showed that such work was done at the request of defendants' contractors who had failed to perform the work, there is no variance. p. 632.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by the State of Indiana, on the relation of Jerry Hill, against Edmund J. Miller and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Walker & Foster,* for appellants.

*M. E. Forkner, George Forkner* and *W. S. Ellis,* for appellee.

ROBY, J.—Action on a bond given to secure the execution of a contract for the construction of a gravel road, and to secure payment for material furnished and for labor. The bond was executed by appellants Miller and Rapp as principals and the other appellants as sureties. The averments of the complaint are that appellee relator, in October, 1901, the exact date of which he does not remember, entered into an oral contract with appellants Miller and Rapp for the construction of all the masonry on section three of the Stony creek township gravel road, at the agreed price of $4.50 per yard; that he did the work, and that said appellants refused to pay therefor. Wherefore, etc. The case was tried by a jury, which returned a verdict for $535 in favor of appellee. Appellants' motion for a new trial was overruled, and the court rendered judgment upon the verdict.

After the jurors were sworn the court permitted appellee to amend the complaint by substituting the word "October" for the word "March." Whether a refusal on the

1. part of the court to permit such amendment would constitute an abuse of discretion would be a close question (*Johnson* v. *McNabb* [1893], 7 Ind. App. 393), but in allowing the amendment the court merely gave effect to the statute. §403 Burns 1908, §394 R. S. 1881. The cause of action was in nowise changed. The appellee sued

2. upon a contract under which a certain sum was claimed. If the change of date prejudiced appellants' defense, their remedy was by a motion for a continuance. §404 Burns 1908, §395 R. S. 1881.

The sufficiency of the evidence to sustain the verdict is questioned. A review of the evidence in this opinion could

not be justified. There was evidence from which the jury were warranted in finding that relator did the work under a parol agreement, that appellants had the benefit of such work, and have not made payment. This being the case, it is not the province of this court to interfere with such result. Indeed, appellants base their argument upon the proposition "that it is not every sort of evidence that will uphold a verdict, though it may seem to do so." *Stringer* v. *Northwestern, etc., Ins. Co.* (1882), 82 Ind. 100. This is, of course, true, but it cannot be applied so as to justify a finding on appeal against the credibility of a witness who is unable to remember facts without reference to an official report theretofore made by him. See concurring opinion in *Johnson* v. *Zimmerman* (1908), 42 Ind. App. 165.

The evidence seems to show that appellants originally contracted with other parties to do all the masonry work on this division, but that such parties abandoned the contract when it was partially completed, and that relator undertook to finish it. He had done a portion of the work for the person to whom the contract was originally let. Twenty per cent of the price therefor remained in appellants' hands and said relator was to be paid the twenty per cent so held to apply on what was due him for work already done, which, in addition to the contract price for the work subsequently done, makes the amount for which judgment was rendered. Appellants complain that this recovery was not according to the theory of the complaint. With this view we are unable to agree. The showing of the complaint was that appellants had agreed to pay appellee relator for certain work which it was averred he had completed according to contract, and for which he had not been paid. It is not claimed that he has recovered any amount which he has not earned, and the judgment is therefore affirmed.