No. 27,035.

, H. J. Allen, *Appellee*, v. Ethel J. Wilhoit, Executrix, etc., et al., *Appellees*, S. A. Bardwell, Administrator, etc., *Appellant*.

### SYLLABUS BY THE COURT.

Executors and Administrators—*Property of Nonresident Decedent—Attachment—Effect of Ancillary Administration.* The fact that a nonresident decedent's estate is insolvent does not bar a general creditor from invoking against the nonresident executrix and sole devisee the remedy of attachment against the Kansas property of the deceased, nor does the subsequent appearance in the action of a later appointed ancillary administrator claiming the property for the benefit of unsecured general creditors affect the right of the attaching creditors if, but for the insolvency of the decedent's estate, that right would be conceded or could not be successfully disputed by the ancillary administrator.

Appeal from Riley district court; Fred R. Smith, judge. Opinion filed January 8, 1927. Affirmed.

*Alvin R. Springer* and *Walter Reed Gage,* both of Manhattan, for the appellant.

*Z. Wetmore, Fred Hinkle, George M. Ashford,* all of Wichita, *D. R. Hite* and *Maurice Freidburg,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Dawson, J.:   This is an appeal from a judgment against an ancillary administrator and in favor of attaching creditors.

It appears that the late J. C. Wilhoit, who resided many years in Manhattan, Riley county, and had some real and personal property thereabout, moved to Kansas City, Mo., in 1920, and died testate in that city in 1923.

His widow, Ethel J. Wilhoit, was named as sole devisee and legatee under the will and was also named as executrix. She probated the will in Missouri, and later ancillary administration of the will was undertaken in Riley county, and the appellant, S. A. Bardwell, was appointed and qualified as ancillary administrator with the will annexed.

On February 23, 1924, the Bank of Topeka began its action against Ethel J. Wilhoit, as executrix and as an individual. The cause of action was founded on an unsecured promissory note of Wilhoit, the deceased. At the same time, the plaintiff bank filed an affidavit of

Attachment, 6 C. J. p. 53 n. 99.

attachment on the ground that defendant was a nonresident, and a writ of attachment was issued and served on February 26, 1924, thereby subjecting the real estate in Riley county to such attachment.

On April 21, 1924, H. J. Allen commenced a similar action against the executrix and Ethel J. Wilhoit individually. He also procured the issuance and service of a writ of attachment and attached the Riley county property.

The Bank of Topeka proved its claim in Missouri against the estate of Wilhoit, and on June 25, 1924, while its action was pending in Kansas, that claim was allowed by the Missouri probate court, as a general unsecured claim of the fifth class.

Allen filed his claim in the Missouri probate court but later withdrew it.

S. A. Bardwell, the Kansas ancillary administrator, was made a party defendant in this action at his request, and laid claim to the Riley county real estate for the benefit of the general creditors, as the testator's estate was insolvent and the personal property was altogether insufficient to pay miscellaneous valid claims against it.

The administrator claimed that his right to the property was superior to the attachment liens.

Prior to the death of Wilhoit, the Citizens State Bank of Manhattan had become insolvent. Its receiver had begun an action against Wilhoit on his statutory liability as a stockholder. Judgment was obtained by the receiver after Wilhoit's death, and the receiver garnished a sum of money due from one Green as a balance of the purchase price of some land sold by Wilhoit to Green.

The widow, Ethel J. Wilhoit, claimed the sum due from Green as her individual property and likewise claimed one small tract of land subjected to the attachments.

Counsel for appellant explain the case and its outcome thus:

"The court will observe that there were five claims in controversy and the lawsuit was a five-cornered one and with a firm of lawyers on each corner, a most enjoyable lawsuit resulted. . . .

"1. The receiver of the failed bank got nothing.

"2. The widow, Ethel J. Wilhoit, individually, got the money on the Green contract and also one piece of property.

"3. The remaining two tracts of real estate . . . were found to have been owned by the doctor [Wilhoit] at the time of his death.

"4. The Bank of Topeka got a judgment against Mrs. Ethel J. Wilhoit, as executrix of the estate of J. C. Wilhoit for the sum of $3,058.33, and its attachment lien was held to be valid, subsisting and binding, and the court held that

real estate was subject to be sold to satisfy its first lien, secured by the attachment.

"5. H. J. Allen secured a judgment for $6,046.53 against the executrix of the estate, and his attachment lien was held to be valid, subsisting and binding, but second to the lien of the Bank of Topeka, and the court held that the real estate was subject to be sold to satisfy the lien secured by the attachment.

"6. The administrator with the will annexed, claiming on behalf of the general creditors, got nothing."

The judgment was acquiesced in so far as the widow is concerned, but the administrator appeals from so much of the judgment as favored the attaching creditors.

While appellant recognizes the force of existing statutes and our decisions to the general effect that a nonresident sole devisee or nonresident executrix may properly be sued and property of a nonresident decedent be attached (R. S. 22-1308, 60-901, 60-921, 60-928; *Cady v. Bard*, 21 Kan. 667; *Donifelser v. Heyl*, 7 Kan. App. 606, 52 Pac. 268, affirmed in 59 Kan. 779, 54 Pac. 1059; *Manley v. Park*, 62 Kan. 553, 64 Pac. 28; *Manley v. Mayer*, 68 Kan. 377, 75 Pac. 550; *Dewey v. Barnhouse*, 75 Kan. 214, 88 Pac. 877) he argues that when the decedent's estate is insolvent the remedy of attachment otherwise available to diligent creditors cannot be invoked.

The remedial procedure accorded to creditors for the collection of their due is simply whatever the legislature has prescribed. Appellant cites the rule in bankruptcy cases, whereby preferences, liens, and other claims of right to priority less than four months old are reduced to a common level. But that rule is one of express legislative command. (U. S. Comp. Stats. 1918, §§ 9644, 9651.) The general tenor of our statute concerning attachments is quite to the contrary. Pertinent paragraphs read:

"60-921. From the time of the issuing of the order of attachment, the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings under the attachment; and if after the issuing of the order the defendant (being a person) should die, or a corporation and its charter should expire by limitation, forfeiture or otherwise, the proceedings shall be carried on; but in all such cases, other than where the defendant was a foreign corporation, his legal representatives shall be made parties to the action."

"60-929. Different attachments of the same property may be made by the same officer and one inventory and appraisement shall be sufficient, and it shall not be necessary to return the same with more than one order."

Appellant cites some language in the text of *Achenbach v. Coal Co.*, 2 Kan. App. 357, 42 Pac. 734, which tends to support his con-

tention. But as was said in *Mendenhall v. Burnette*, 58 Kan. 355, 382, 49 Pac. 93, that language "must be considered as applying to the case there under consideration." Moreover, the dictum in *Achenbach v. Coal Co.*, supra, on which appellant relies was based upon a Pennsylvania decision which could never have been announced if the pertinent Pennsylvania statutes covering attachments of nonresident decedents' estates had been like our own. And furthermore, these plaintiffs instituted these proceedings in attachment before the ancillary probate proceedings were commenced in Riley county. The appellant administrator got into these cases quite properly, to be sure; but he did so after they were regularly begun, and his getting into the litigation could not alter the status of plaintiffs' attachments which had theretofore become effective.

There is no error in the record, and the judgment is affirmed.