ISRAEL JENNINGS v. E. C. BROWDER, ADMINISTRATOR.

The absence of an administrator beyond the limits of the state, prevents the
running of the statute of limitations, during that period, against a claim upon
the estate represented by him.

APPEAL from Dallas.   Tried below before the Hon. Nat. M.
Burford.

This suit was brought by Israel Jennings, against E. C. Brow-
der, administrator *de bonis non* of the estate of William Jen-
nings, deceased, on the 18th day of July, 1859, to establish,
and have classed amongst the just claims against the said estate,
a demand, evidenced by an instrument in writing, held by him
against the deceased, for $138, which had been duly presented
to the defendant for his allowance, on the 16th day of July,
1859, and by him rejected, on the day of filing this suit.

The claim was due and payable on the 13th day of April,
1855.   William Jennings departed this life, on the 22d day of
October, 1857.   J. R. Newbolt was appointed executor of the
will of the deceased, on the 28th day of December, 1857; filed
his bond, and took the oath required, on the 7th day of January,
1858; his bond was approved the 26th day of January, 1858,
and in March, 1858, he left the state, and never returned to it.
The defendant was appointed administrator *de bonis non*, &c.,
in September, 1858, and Newbolt was dismissed.   Browder filed
his bond and qualified, September 30th, 1858, and had since
acted as administrator.

The defendant pleaded the statute of limitation of four years,
to which the plaintiff replied, by amendment to his petition,
that Newbolt, the executor, &c., was absent from the state of
Texas, from the 1st day of March, 1858, and that there was no
person to whom the claim could be presented for allowance, as
the representative of the estate within this state thereafter,
until the appointment of the defendant.

On the trial, a jury was waived, and the cause submitted to

the court. Judgment in favor of the plaintiff, for $186.20. The defendant appealed, and assigned for error, the rendition of the judgment for the plaintiff, when, under the plea of the statute of limitations, the judgment should have been for the defendant.

*John C. McCoy*, for the appellant.

*G. W. Guess*, for the appellee.

ROBERTS, J.—The absence of the administrator from the state, for five months, as alleged in the amended petition, prevents the claim from being barred by the statute of limitations. (O. & W. Dig. 306, Art. 1355.) We see no error in the judgment; it is therefore affirmed.

Judgment affirmed.