[L. A. No. 111.   In Bank.—November 30, 1896.]

136:(U) 53 P
1(

# R. A. THOMAS, Respondent, v. PACIFIC BEACH COMPANY, Appellant.

Vendor and Purchaser—Breach of Contract of Sale by Vendor—
    Action to Recover Back Purchase Money—Implied Assumpsit—
    Statute of Limitations.—Where a written contract for the sale of
    land contained no express agreement to refund the installments of pur-
    chase money in the event of the failure or refusal of the vendor to
    convey as agreed, an action by the purchaser to recover back such
    purchase money upon breach of the contract on the part of the vendor
    is not based upon the written contract, but upon an implied assumpsit,
    and is governed by the two years' limitation under subdivision 1 of sec-
    tion 339 of the Code of Civil Procedure.
Id.—Accruing of Cause of Action—Running of Statute.—Under a
    contract not expressly requiring a demand for a deed, the cause of ac-
    tion for recovery of the purchase money would accrue at the date of
    the last payment, and the statute of limitations would run from that
    time.
Id.—Demand for Deed—Modification of Contract.—Where the con-
    tract for sale originally provided for a demand for a deed, it is compe-
    tent for the parties by a subsequent agreement to modify the contract,
    and where it appears that, by a subsequent agreement, a specified sum
    was paid and received "in full performance by the purchaser of his
    part of this contract," the effect of such modification is to entitle plain-
    tiff to a deed immediately upon payment and receipt of the money so
    stipulated to be received without further act or demand for a deed on
    his part.
Id.—Stipulation for Demand—Reasonable Time.—Under a stipulation
    in a contract of sale for the demand of a deed by the purchaser, the
    demand must be made within a reasonable time, and if no demand is
    made within two years after payment of the last installment of pur-
    chase money, the action is barred, and a demand after that time has
    elapsed is too late to conserve the plaintiff's right.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.  George Puterbaugh, Judge.

The facts are stated in the opinion of the court.

*McDonald & McDonald*, for Appellant.

The modification of the original contract by the agreement and payment of October 10, 1888, obviated the necessity for demand by plaintiff for the conveyance of the property to him, and his right of action

accrued immediately.  (*Breckinridge* v. *Crocker*, 78 Cal.
535; *Chatfield* v. *Williams*, 85 Cal. 518; *Kinkead* v.
*Shreve*, 17 Cal. 275; *Gray* v. *Dougherty*, 25 Cal. 266.)
This is not "an action upon any contract, obligation, or
liability founded upon an instrument in writing executed
in this state," but is an action for implied assumpsit
and is subject to the bar of subdivision 1 of section 339
of the Code of Civil Procedure.    (Keener on Quasi
Contracts, 309; *Chipman* v. *Morrill*, 20 Cal. 130; *Piller*
v. *Southern Pac. R. R. Co.*, 52 Cal. 44; *Wood* v. *Currey*, 57
Cal. 209, 210; *Lattin* v. *Gillette*, 95 Cal. 318–23; 29 ·Am.
St. Rep. 115; *Joyce* v. *Shafer*, 97 Cal. 335–38; *Shively* v.
*Semi-Tropic Land etc. Co.*, 99 Cal. 259–61.)   Conceding
that a demand was necessary, still, the action was
barred, for plaintiff could not, by his own negligence,
extend the time within which he might bring suit.
(*Palmer* v. *Palmer*, 36 Mich. 494; 24 Am. Rep. 610;
*Morrison* v. *Mullin*, 34 Pa. St. 12; *Codman* v. *Rogers*, 10
Pick. 112; *Finch* v. *Parker*, 49 N. Y. 1–11; *Atchison etc.
R. R. Co.* v. *Burlingame*, 36 Kan. 628; 59 Am. Rep. 578.)

*Hunsaker & Stevens*, and *Henry J. Stevens*, for Re-
spondent.

This is an action upon a contract founded upon an
instrument in writing within the meaning of section
337 of the Code of Civil Procedure.  (*Kern* v. *Kern*, 32
N. W. Rep. 574; *Robinson* v. *Varnell*, 16 Tex. 382; *Schu-
renberg* v. *Wilhelm* (Tex. Civ. App.), 23 S. W. Rep. 817;
*Turner* v. *Reynolds*, 81 Cal. 216; Civ. Code, sec. 3306.)
In order to recover the purchase money it was neces-
sary, before suing therefor, to demand payment thereof.
(*Rose* v. *Foord*, 96 Cal. 152.)   The case at bar being an
action by a vendee to recover damages for breach of a
contract to convey real property by the vendor, it was
necessary to allege and prove a demand for a deed in
order to maintain the action.  (*Kinkead* v. *Shreve*, 17
Cal. 275; *Gray* v. *Dougherty*, 25 Cal. 266; Warvelle on
Vendors, 342; *Link* v. *Jarvis* (Cal., 1893), 33 Pac. Rep.
206; 28 Am. & Eng. Ency. of Law, 144–46.)   The rule,

that if a demand is necessary it must be made within a reasonable time, does not apply to a common-law action. (Wood on Limitations, 261–92; Buswell on Limitations, secs. 125, 159; Angell on Limitations, sec. 96; *Keithler* v. *Foster*, 22 Ohio St. 27.)

Van Fleet, J.—The single question involved in this appeal is whether the action is barred by the statute of limitations, and the question arises upon the face of the complaint under the demurrer interposed.

The action, which was commenced September 24, 1894, is to recover back with interest the purchase money paid by plaintiff to defendant under five several contracts of even date for the conveyance of land. Each contract covers a separate parcel or lot of land, and each is counted upon in a separate count. The five counts are identical in averment, excepting only in the description of the lot and price to be paid, and the first will serve as a type of all. Its substance is, that on the twelfth day of December, 1887, plaintiff and defendant entered into a written contract, by the terms of which defendant agreed to sell to plaintiff lot 11, in block 358, of Pacific Beach, for five hundred dollars, with interest on deferred payments at ten per cent per annum; payable one hundred and sixty-seven dollars at the date of agreement, one hundred and sixty-six dollars and interest June 12, 1888, and one hundred and sixty-seven dollars and interest December 12, 1888; and that in consideration of the making of such payments the defendants would execute to plaintiff, upon his demand, a grant deed conveying the land described. That plaintiff made the first two payments as stipulated; that thereafter, on or about October 10, 1888, defendant agreed with plaintiff that in consideration of the payment by the latter on that date, and before the maturity of the third and last payment under the contract, of the sum of one hundred and seventy-one dollars and sixty cents, to accept such sum in full discharge of said third payment, principal and interest, "and in

full performance by plaintiff of his part of said contract first set forth; and thereupon, pursuant to said subsequent agreement, plaintiff paid to defendant said sum of one hundred and seventy-one dollars and sixty cents, and defendant accepted the same in full payment and performance by plaintiff of his part of said contract."

That thereafter, in September, 1891, plaintiff demanded a deed according to the terms of the contract, which defendant has failed, neglected, and refused to make; and that on the seventh day of October, 1893, plaintiff demanded of defendant the repayment of the amount paid under the contract, and offered to restore to defendant everything of value received thereunder, which offer defendant refused, and that no part of said sum or interest has been repaid.

The position of respondent is that the action is one in the nature of *special assumpsit* upon a "contract, obligation, or liability founded upon an instrument in writing, executed in this state," within section 337 of the Code of Civil Procedure, and could be brought any time within the four years' limitation therein prescribed after the right accrued.

Appellant's contention, on the other hand, is that the action is not one founded upon the writing within the last section, but is *implied assumpsit* upon the defendant's breach of the written contract to convey, for recovery of the purchase money paid, and is subject to the bar of subdivision 1 of section 339 of said code, which requires the action to be brought within two years.

Is the action upon an obligation founded upon an instrument in writing within the intent of section 337? The language of this section has been construed as having reference to actions to recover upon an obligation or liability created by some express promise or stipulation in the written instrument, and not to actions on such obligations as merely spring from or grow out thereof in some less immediate way. The meaning of the statute was first considered by this court in *Chipman*

v. *Morrill*, 20 Cal. 130.   That was an action for contribution by one of three makers of a joint promissory note, who had paid the whole of a judgment recovered thereon.    The action was brought upon the theory that it was within the four years' limitation, as being upon a liability founded upon the written instrument—the note.    This theory was held to be erroneous, the court saying: "The statute provides that 'an action upon any contract, obligation, or liability founded upon an instrument of writing,' except in certain designated cases, shall be commenced within four years, and an action upon a contract, obligation, or liability not thus founded, with certain exceptions, shall be commenced within two years.    The question is, whether the present action is in the meaning of the statute 'founded upon an instrument of writing'?    Our conclusion is that it is not thus founded; that the statute, by the language in question, refers to contracts, obligations, or liabilities resting in or growing out of written contracts, not remotely or ultimately, but immediately; that is, to such contracts, obligations, or liabilities as arise from instruments of writing, executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations, or liabilities.    The construction would be the same if the word 'founded' were omitted, and the statute read 'upon any contract, obligation, or liability upon an instrument of writing.'"

In the recent case of *McCarthy* v. *Mt. Tecarte Land etc. Co.*, 111 Cal. 328, an action was brought against a corporation by one of its directors for services rendered by him as superintendent, under a resolution of the board of directors, which provided for his appointment, but did not fix any compensation.    It was contended that the resolution constituted an instrument in writing, and that the action being upon a liability growing out of and founded thereon was within the four years' limitation.

"But," say the court in that case, "a cause of action is not upon a contract founded upon an instrument in

writing, within the meaning of the code, merely because it is in some way remotely or indirectly connected with such an instrument, or because the instrument would be a link in the chain of evidence establishing the cause of action.  In order to be founded upon an instrument in writing, *the instrument must itself contain a contract to do the thing for the nonperformance of which the action is brought.*"  And the court cite with approval the case of *Chipman* v. *Morrill, supra.*  (See; also, *Lattin* v. *Gillette.* 95 Cal. 317; 29 Am. St. Rep. 115.)

Applying this construction in the present case, and we are of opinion that the action cannot be said to be founded upon the written contract within the meaning of the statute.  There is in this contract no express stipulation or agreement to do the thing which the action seeks to enforce.  The contract was to convey the title upon payment of the price, but there is no agreement to repay in default of such conveyance.  The action is to recover the money so paid, by reason of a refusal to convey, and is necessarily based upon the *implied* promise of the grantor that it would so repay the money in default of making title.  In *Turner* v. *Reynolds,* 81 Cal. 214, cited by respondent, there was an express promise to pay back the money should the title prove bad.  Had there been such promise in the present contract, the action would present an instance of an action upon a "contract, obligation or liability, founded upon an instrument in writing."

Actions of the character of the one at bar have been uniformly treated as actions resting in *implied assumpsit,* as for money had and received (*Joyce* v. *Shafer,* 97 Cal. 335; *Shively* v. *Semi-Tropic Land etc. Co.,* 99 Cal. 259); and, under the facts alleged, we think this case must be so regarded and as governed by the two years' limitation prescribed by subdivision 1 of section 339.

Such being the nature of the action, it remains to be determined when the plaintiff's right accrued.

It was held in *Chatfield* v. *Williams,* 85 Cal. 518, that under a contract to convey land, no demand for a deed

or for the return of the purchase money is necessary to perfect the right of the vendee to sue for the recovery of the money for default in making the conveyance. It would follow, then, that the right of action would accrue at the date of the last payment, and the statute of limitations would run from that time. Respondent contends, however, that this case is not within the rule there announced, for the reason that there was not, in the contract there sued upon, the express stipulation for a demand found in the contract in suit; that under this agreement a demand was thus made a condition precedent, and, the suit having been commenced within due time after the making of such demand, the action is not barred.

But, while the original contract did contain such provision, it is alleged in the complaint that by a subsequent agreement between the parties the plaintiff paid, and defendant received, the sum of one hundred and seventy dollars and sixty cents, " *in full performance by plaintiff of his part of said contract.*" It was competent for the parties to thus alter their original agreement, and we think the effect of such modification was to entitle plaintiff to his deed immediately upon payment and receipt of the money so stipulated to be received, without further act or demand on his part. Conceding, therefore, that the contract as originally entered into would not be within the doctrine of *Chatfield* v. *Williams*, *supra*, the plaintiff, under the facts alleged, is in no better situation.

But, moreover, assuming, as contended by respondent, that the modification in question did not obviate the necessity of demand, and we must yet hold the action too late. Where a party's right to sue depends for its perfection solely upon the necessity of a demand by him to put his adversary in default, he cannot indefinitely and unnecessarily extend the bar of the statute by deferring such demand, but must make it within a reasonable time. (*Palmer* v. *Palmer*, 36 Mich. 494; 24 Am. Rep. 610; *Hintrager* v. *Truat*, 69 Iowa, 746; *Steele*

v. *Steele*, 25 Pa. St. 154; *Bills* v. *Silver King Min. Co.,*
106 Cal. 9.)   What is deemed a reasonable time has
been uniformly held to be a period coincident with that
provided in the statute of limitations for barring the
action.   (See cases above cited; Buswell on Limitations,
sec. 159; Wood on Limitations, sec. 125; Angell on
Limitations, sec. 96.)   As we have seen, the action is
governed by the two years' limitation, and the demand
was not made until more than that time had elapsed,
and, therefore, too late to conserve plaintiff's right.   The
demurrer should, therefore, have been sustained.

Judgment and order reversed and cause remanded
with directions to sustain the demurrer to the com-
plaint.

GAROUTTE, J., HARRISON, J., and MCFARLAND, J., con-
curred.

TEMPLE, J., dissented.