[Sac. No. 1369. Department One.—September 2, 1905.]

ADELIA COOK, Respondent, v. GEORGE T. CEAS et al., Defendants; P. H. GARDINER, Appellant.

GUARDIAN AND WARD—SETTLEMENT OF ACCOUNTS—STATUTE OF LIMITATIONS.—If there is any statute of limitations which constitutes a bar to a proceeding by a ward after attaining majority to compel a settlement of accounts by the guardian, it is section 343 of the Code of Civil Procedure, and not subdivision 1 of section 338 of that code. [Beatty, C. J., and Henshaw, J., dissenting.]

ID.—ACTION ON BOND OF GUARDIAN—DEFENSE OF LACHES—PREJUDICE NOT SHOWN.—In an action by the ward brought upon the bond of a guardian, which is not barred by section 1805 of the Code of Civil Procedure, the defense of laches based on the previous delay of the ward in procuring settlement of the guardian's accounts, which is short of the period of limitation applicable thereto, cannot be sustained in the absence of proof that the sureties were prejudiced by the delay.

ID.—RIGHT OF SURETIES—QUESTION UNDECIDED.—The sureties of the guardian have an equal right with the ward to institute proceedings to compel the guardian to account. The question whether they can urge laches against the ward in that respect suggested, but not decided.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, for Appellant.

W. A. Gett, for Respondent.

VAN DYKE, J.—The appeal is from a judgment rendered upon a guardian's bond. The plaintiff, whose maiden name was Ceas, and who is the daughter of defendant George T. Ceas, while still a minor, became or was the owner of some property, and her father George T. Ceas was appointed by the probate court of Sacramento County as guardian of her person and estate, and in compliance with the requirement of the court, on April 2, 1883, entered into a bond in the sum of three thousand dollars, with C. P. Hensley and P. H. Gardiner as sureties. The plaintiff having arrived at age April 30, 1897, and her father as such guardian having failed to settle his guardianship or account to her and pay over the sums in his hands belonging to her, on the 21st of June, 1900, plaintiff commenced proceedings which resulted in a settlement of his account on the 24th of January, 1901. In said settlement it was ascertained and determined by the superior court of Sacramento County that there was a balance due from George T. Ceas as guardian of the plaintiff of $3,150.47. Upon demand being made by the plaintiff of the sum found due by the court and failure and refusal on the part of the guardian and sureties on his bond to pay the same, the plaintiff thereupon commenced an action against her guardian and the sureties on his bond for the recovery of the sum of three thousand dollars, being the sum mentioned in said bond. The defendant Ceas and one of the sureties, C. P. Hensley, defaulted, but the other surety, P. H. Gardiner, appeared and defended said action. In his answer he set up as an affirmative defense that the judgment ascertaining and settling the final account had not become final, sixty days not having elapsed after the rendition thereof before the beginning of said action, and that said action was therefore prematurely brought. (It appears that an appeal was taken from said judgment settling said account and the judgment affirmed. (*Guardianship of Ceas*, 134 Cal. 114, [66 Pac. 187].) The ruling of the court below that the action was prematurely brought, the time for taking an appeal from the order set-

tling the final account not having elapsed, was by this court held to be correct. (*Cook* v. *Ceas,* 143 Cal. 227, [77 Pac. 65].)

By another affirmative defense it was contended that the action was barred by the provision of section 1805 of the Code of Civil Procedure, which defense was also sustained by the court below. But this court, however, held that an action against the sureties of a guardian was not barred by the terms of section 1805 of the Code of Civil Procedure until three years after a final order of court removing or discharging the guardian, and that it did not appear that the guardian had ever been discharged or removed. Section 1805 of the Code of Civil Procedure, referred to, reads as follows: "No action can be maintained against the sureties on any bond given by a guardian, unless it be commenced within three years of the discharge or removal of the guardian; but if, at the time of such discharge, the person entitled to bring such action is under any legal disability to sue, the action may be commenced at any time within three years after such disability is removed." In the opinion of this court on this branch it is said: "A statute of limitation ought not be enlarged in its operation by judicial construction when it is so framed as to work injustice either by itself or in conjunction with other provisions of law. In this state we have one rule which prohibits an action on the bond of a guardian's surety until there is a final order settling the guardian's account, and another rule barring the action in three years after the removal or discharge of the guardian. So far as its express terms require, the rule must no doubt be enforced, even where without the fault of the ward a final settlement of the account has not been obtained within three years after the removal or discharge, but neither justice nor sound policy requires that a law capable of working so inequitably should be enlarged by construction so as to embrace a class of cases not comprehended in its terms. And this conclusion does not leave the sureties on guardians' bonds without an ample measure of protection against stale claims. They have all the advantage of the general statute of limitations, and of the doctrine of *Barnes* v. *Glide,* 117 Cal. 1, [59 Am. St. Rep. 153, 48 Pac. 804], which will hold wards to the rule of reasonable diligence in procuring settlement of their guardians' accounts. In this case it does not appear whether or not there was un-

reasonable delay on the part of plaintiff in seeking a settlement of the account.'' And the judgment of the court below in the former action was affirmed on the ground that the action was prematurely commenced, and was remanded without prejudice to another action.

Upon the going down of the *remittitur* in the former action the present action was commenced, July 29, 1904. The defendant Ceas, and Hensley, one of the sureties on his bond, failed to appear and defend in this action as in the former. The defendant Gardiner in his answer sets up the same affirmative defenses as in the former action, and in addition thereto alleges that said action is barred by the provisions of section 337 and subdivision 1 of section 338 of the Code of Civil Procedure. The court found that no order or decree had ever been entered by the superior court of Sacramento County having jurisdiction of the matter of guardianship in question discharging or removing said George T. Ceas as guardian of plaintiff, and that the action was not barred by section 337 or subdivision 1 of section 338 of the Code of Civil Procedure. On the question raised by defendant's answer of laches on the part of the plaintiff in commencing proceedings to compel a settlement of the account of the guardian the court finds that there was no evidence offered by either party to the action in explanation thereof, nor as to the question whether the defendant was injured or his rights affected thereby. The court in this connection finds ''That the time which elapsed between the coming of age of the plaintiff and the commencement of the proceedings by her to compel an accounting by her guardian, did not amount to laches, nor affect her right of recovery herein.''

On the present appeal it is contended on behalf of the appellant that the action is barred by laches on the authority of *Barnes* v. *Glide* and similar cases, especially, however, on the authority of *Barnes* v. *Glide*, 117 Cal. 1, [59 Am. St. Rep. 153, 48 Pac. 804]. That was a proceeding in *mandamus* to compel the trustees of a swamp-land district to levy a tax to pay warrants, and the court in its opinion says: ''The warrant set up in the first count of the complaint was issued, presented, and payment thereon was refused, in November, 1877; and this present suit was not commenced until November, 1895, which was eighteen years thereafter. The date of the

latest warrant set up in the complaint is 1881, more than fourteen years before the commencement of the action. The present board of trustees, who are made defendants, do not appear to have occupied that position for a longer period than six months prior to the commencement of the suit. The warrants sued on were issued, if at all, by other trustees who were in office from fifteen to eighteen years before this proceeding was instituted. They may have been issued illegally; the act of issuing them may have been *ultra vires;* they may not have been issued for any labor done in the construction of the works of the district; they may have been issued without consideration and fraudulently; they may be forgeries. And it is quite evident that the present defendants, after such a lapse of time, would be in no condition to make any of the defenses above indicated, when witnesses who knew of the facts at the time may be dead, or may have allowed the recollection of them to vanish from their memories. And the evident purpose of the statute of limitations is to prevent such a condition of affairs, and to preclude parties from disturbing that repose which is intended to be final, after the lapse of certain periods of time designated in the statute itself. The position cannot be successfully maintained that no action could be commenced until a demand had been made by plaintiff upon the defendants to act. . . . If the facts stated in the complaint in the case at bar constitute a cause of action, they constitute a cause of action which accrued, and for which an action might have been instituted, from fourteen to eighteen years before the present complaint was filed. The statute of limitations is intended to embrace all causes of action not specially excepted from its operation; and there is no exception applicable to the present proceeding.'' It will be seen from the foregoing that there is no similarity whatever between *Barnes* v. *Glide* and the case at bar, and the same may be said of the other cases referred to by appellant. The effect of lapse of time upon a cause of action, when the delay is unproductive of and unaccompanied by any hardship or injustice to the other party, is determined by the provisions of the statute of limitations. In order to constitute laches there must be something more than mere lapse of the time which would bar the remedy under the statute of limitations. This subject was fully considered in *Cahill* v. *Supe-*

*rior Court,* 145 Cal. 47, [78 Pac. 467], and *Kleinclaus* v. *Dutard, ante,* p. 245. In the Cahill case it is said that "in order to bar a remedy because of laches, there must appear, in addition to mere lapse of time, some circumstances from which the defendant or some other person may be prejudiced, or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is allowed." Laches, like the statute of limitations, is a defense which must be alleged and proved by the defendant, unless the facts constituting it appear on the face of the complaint, in which case, as in the case of the statute of limitations, it must be urged by the defendant by means of a demurrer, or in some other legal manner (*Kleinclaus* v. *Dutard, ante,* p. 245) ; otherwise it is waived. Nothing appeared on the face of the complaint herein to indicate that the defendants, or any person excepting the plaintiff herself, did suffer, or could have suffered, any loss or prejudice by reason of her delay in proceeding to compel an accounting by the guardian. It is at least doubtful if any statute of limitations constitutes a bar to such a proceeding (see *Estate of Sanderson,* 74 Cal. 215, [15 Pac. 753], but if there is such a statute it must be section 343 of the Code of Civil Procedure, prescribing the period of four years, which did not elapse in this case. Here there was a delay of only three years and a little less than two months, which is not of itself sufficient to raise any presumption or inference that the sureties on the bond would be prejudiced thereby. Hence it was incumbent on them to show, if they could, that some circumstances, such, for instance, as insolvency of the principal, occurred during the delay, from which loss may have been occasioned to them. Nothing having been shown, it follows as matter of law that the lapse of time alone was not laches.

  · This court on the appeal in the former action expressly held that it did not appear whether or not there was unreasonable delay on the part of the plaintiff in seeking a settlement of the account, and therefore the case was remanded with permission to bring another action. And, as already shown, in the present action the court below finds that there was no evidence presented by either party in reference to the cause of the delay, and nothing to show that the defendant was injured or his rights affected in consequence thereof, and that the

plaintiff was not guilty of laches under the circumstances in the delay in demanding an accounting of her guardian. There having been no evidence, as shown, to support the plea of laches, the case is in no better position as far as that defense is concerned than in the former action.

In this connection the question may well be suggested whether the sureties on the bond can in any event urge a delay by the ward in instituting proceedings to compel an accounting by the guardian after she arrives at age as sufficient laches to bar an action against them upon the bond, unless in cases where the conduct of the ward has in some way misled them or caused them to delay such proceedings. They have an equal right with the ward to institute proceedings for an accounting. It is the duty of the guardian to render the account, and for the performance of that duty they have become his guarantors; so that, in some respects, his duty is their own. But, in the view we take of the case, it is not necessary to decide this question, and we leave it without expressing any opinion.

Judgment affirmed.

Shaw, J., and Angellotti, J., concurred.

A petition for rehearing in Bank was denied, upon which Beatty, C. J., dissented, and on October 20, 1905, filed the following dissenting opinion:—

BEATTY, C. J., dissenting.—Having recorded my dissent from the order denying a rehearing of this cause, I desire to say that such dissent was not based upon any divergence of views as to the only question discussed in the department opinion,—viz., the question whether the defendant had established his defense, based upon the equitable doctrine of laches. That defense was only one of several separate defenses pleaded in the answer, and seems to have been abandoned in the trial court, as it certainly was on the appeal. The plea, and the only plea, upon which the defendant rested his case in this court, was the three-years statute of limitations,—subdivision 1 of section 338 of the Code of Civil Procedure,— and to that his argument was exclusively devoted. His propositions were:—

First, the duty of a guardian to pay over to his ward the

balance found due on settlement of his final account is a purely statutory duty, and an action thereon is barred at the expiration of three years after it accrues,—that is to say, three years after such settlement,—and at the same time that the action is barred against the guardian an action upon the collateral obligation of his surety is barred. To sustain this proposition he cited the well-considered decision of this court in Bank upon rehearing of the case of *County of Sonoma* v. *Hall*, 132 Cal. 589, [62 Pac. 257, 312, 65 Pac. 12, 459], which clearly does sustain the entire proposition. His second proposition was, that since the action against a guardian's surety is barred in three years after settlement of the account, the ward is held to reasonable diligence in procuring such settlement,—that she cannot keep her cause of action alive indefinitely by neglecting to take a step which she is free to take the day she comes of age, and consequently that this plaintiff having neglected for more than three years after she reached her majority (April 30, 1897) to institute any proceeding to compel such settlement, the statute began to run at the expiration of that period,—viz., April 30, 1900,—and had fully run before the action was commenced, which was July 29, 1904. This *is* the doctrine of *Barnes* v. *Glide*, 117 Cal. 1, [59 Am. St. Rep. 153, 48 Pac. 804], to the advantage of which this court in deciding the former appeal expressly held that the defendant was entitled. (*Cook* v. *Ceas*, 143 Cal. 231, [77 Pac. 65].) The facts of the *Barnes* v. *Glide* case, of course, were different from the facts of this, but the general doctrine which applies to the one applies with equal force to the other, and is clearly stated by Justice Harrison in *Williams* v. *Bergin*, 116 Cal. 60, [47 Pac. 887], as follows: "The rule is well settled that when the plaintiff's right of action depends upon some act which he has to perform preliminarily to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by a delay in performing such preliminary act, and that if the time within which such act is to be performed is indefinite or not specified, a reasonable time will be allowed therefor, and the statute will begin to run after the lapse of such reasonable time. What is a reasonable time will depend upon the circumstances of each case. A party cannot by his own negligence, or for his own

convenience, stop the running of the statute. (*Palmer* v. *Palmer,* 36 Mich. 487, [24 Am. Rep. 605]; *Atchison etc. R. R. Co.* v. *Burlingame,* 36 Kan. 628, [59 Am. Rep. 578, 14 Pac. 271]; *Ball* v. *Keokuk etc. Ry. Co.,* 62 Iowa, 751, [16 N. W. 592]; *High* v. *Board of Commrs.,* 92 Ind. 580; *Bills* v. *Silver King Min. Co.,* 106 Cal. 21, [39 Pac. 43]; *Thomas* v. *Pacific Beach Co.,* 115 Cal. 136, [46 Pac. 899].) The rule rests upon the principle that the plaintiff has it in his power at all times to do the act which fixes his right of action.''

This doctrine has been uniformly sustained in its application to a number and variety of cases in this state, and in other states. (See 13 Am. & Eng. Ency. of Law, 1st ed., p. 726.) Usually it has been applied in this state to cases in which a previous demand on the part of plaintiff was necessary to perfect the cause of action, as in *Bills* v. *Silver King Min. Co.,* 106 Cal. 21, [39 Pac. 43]. In that case I stated in my concurring opinion the rule as to what is to be deemed, if unexcused, an unreasonable delay in taking the necessary preliminary step by the plaintiff to perfect his cause of action, as follows:—

''As to what is a reasonable time, that is ordinarily determined by the analogy of the statutory periods of limitation. If the cause of action is barred by the lapse of two years after it becomes complete, then the demand must be made within two years after the right to make it accrues, or a valid excuse must be shown for the failure to make it within that time.''

This statement of the rule in my concurring opinion has since been adopted by the court, and has thus become the settled rule of decision here as in other states. (*Merherin* v. *San Francisco Produce Exchange,* 117 Cal. 217, [48 Pac. 1074].) And it has been applied not merely to the case of demand of payment or of a deed or other act due upon demand, but to a case in principle precisely the same as this. The case of *Dennis* v. *Bint,* 122 Cal. 40, [68 Am. St. Rep. 17, 54 Pac. 378], was an action to recover lands claimed by the defendants under an invalid sale in probate. In such a case the action by the administratrix was held to be barred in three years after settlement of her final account. It was commenced before the settlement of her account, but it was said with reference to her right of action: ''In our opinion the administratrix was allowed under the amendment of 1880 a

reasonable time in which to obtain settlement of her final account, and that, failing in this, the statute began to run, and were she the plaintiff here it could be pleaded against her with effect; what is such reasonable time must depend in general on the circumstances of each estate; but here it is apparent that much more than a reasonable time expired more than three years prior to the commencement of the action.   There is no novelty in this proposition; it follows from the principle of quite extensive application that one cannot avoid the statute of limitations by delay in taking action incumbent upon him.   Thus it was held that the executor of a will probated in Illinois, who had unreasonably delayed to take out ancillary letters of administration in New York, was not entitled to the benefit of a statute of the latter state which excepted from the general statute of limitations a certain period 'after the granting of such letters.'   *Kirby* v. *Lake Shore etc. R. R. Co.,* 120 U. S. 130, [7 Sup. Ct. 430]; and see *Bauserman* v. *Blunt,* 147 U. S. 647, [13 Sup. Ct. 466], approving *Bauserman* v. *Charlott,* 46 Kan. 480, [26 Pac. 1051]; *Mickle* v. *Walraven,* 92 Iowa, 423, [60 N. W. 633]; *Thomas* v. *Pacific Beach Co.,* 115 Cal. 136, [46 Pac. 899].) If this be not the correct view of the statute, and if the right to sue can be preserved to the administrator and those whom he represents for ten years by failure, without excuse, to settle his final account, then it may be preserved in like manner for fifty years or indefinitely."

All these and other cases decided here and in other jurisdictions were cited by counsel for appellant in his printed argument in support of the second proposition that the plaintiff could not wait an unreasonable time to institute proceedings to compel a settlement of her guardian's account—that a period of more than three years was an unreasonable time, and consequently that the three-years statute had fully run. I think his defense was clearly established, and that the judgment of the superior court should have been reversed.   But whether this be so or not there can be no doubt that he was entitled to a hearing upon the case which he submitted to our judgment.

It is a matter of no practical consequence in view of the modification of that part of the Department opinion relating to the supposed "law of the case" to note the mistake of fact upon which it was founded, but I think the modification

should have been more extensive. The statement still remains that the former case presented the same fact appearing here,—viz., that plaintiff delayed, without excuse, for more than three years to take any step to compel an accounting. That fact was pleaded in the answer in the other case as part of the separate defense of laches, but of course was deemed denied, and since there was no finding upon the issue it did not appear from the record, which consisted of the judgment-roll alone, that three years, or even a single day, had elapsed before proceedings were commenced. And this state of the record showing a failure to find a fact material to the plea of the statute of limitations, was the sole occasion for what I said in my opinion regarding that plea and the doctrine of *Barnes* v. *Glide.*

Henshaw, J., concurred.