SULLIVAN et al. v. ELLIS.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

No. 4152.

1. LIMITATION OF ACTIONS ☞66—ACCRUAL—DEMAND NOTE.

With reference to commercial paper payable on demand, limitations begin to run from the date of the paper; but the rule does not apply if there is anything in the paper, or the circumstances under which it was given, showing that it was not the intention that it should become due immediately.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 353–375; Dec. Dig. ☞66.]

2. LIMITATION OF ACTIONS ☞66—CAUSE OF ACTION—ACCRUAL—DEMAND—COMMERCIAL PAPER.

A contract provided that the second party agreed to waive any forfeiture on account of nonpayment of interest on a note secured by a deed of trust on certain property belonging to G. until the note matured, and further released S. from liability for taking the mortgage from G. to the party of the first part; that in consideration of the release, the party of the third part guaranteed that if, at the maturity of the note executed by G., the second party should sell the property securing the note and the proceeds should be insufficient, the party of the third part would re-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

imburse the second party for the balance. *Held*, that such contract was not commercial paper and required a demand on the party of the second part or her heirs to mature a cause of action and set the statute of limitations in motion.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 353–375; Dec. Dig. ☞66.]

3. LIMITATION OF ACTIONS ☞66—RIGHT TO SUE—PERFECTION—DEMAND—ADMINISTRATION—"REASONABLE TIME."

Where a party's right to sue on a claim against the estate of a deceased debtor depended solely for its perfection on a demand, and there was no administrator, the creditor was entitled to a reasonable time to have an administrator appointed and to a reasonable time to make a demand on the administrator, which reasonable time would be a period coincident with that of the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 353–375; Dec. Dig. ☞66.

For other definitions, see Words and Phrases, First and Second Series, Reasonable Time.]

4. LIMITATION OF ACTIONS ☞56 — STARTING OF LIMITATIONS — INDEMNITY CONTRACT.

Where decedent executed an indemnity contract binding herself to pay any deficiency on foreclosure of a deed of trust, claimant's remedy against decedent's heir was in equity only, and hence the rendition of a deficiency judgment in the foreclosure proceedings was insufficient to start limitations in favor of the heir.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 307–311; Dec. Dig. ☞56.]

5. COURTS ☞363—FEDERAL COURTS—LACHES—STATE STATUTES.

In equity cases, the federal courts are not bound by state statutes of limitations; but in such courts the question of laches is paramount, though they will act or refuse to act in analogy with the statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. ☞363.]

6. DESCENT AND DISTRIBUTION ☞143—ACTION AGAINST HEIR—LACHES.

Where, in an action against an indemnitor's heir, it appeared that the original obligation was his own, and there had been no damage in the contract or in the parties in interest, such as would render relief prayed in the bill inequitable, a delay of 7 years, 9 months, and 16 days was not such laches as would bar complainant's right to relief; the application of the doctrine to the case being inequitable.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 503; Dec. Dig. ☞143.]

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Suit by Eva Prince Ellis against A. B. Sullivan and others. Decree for complainant, and defendants appeal. Affirmed.

John F. Mail, of Denver, Colo. (John H. Chiles, of Denver, Colo., on the brief), for appellants.

Harry S. Silverstein, of Denver, Colo. (Dana & Blount, of Denver, Colo., on the brief), for appellee.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge. This is an appeal from a decree of foreclosure of a mortgage given by Maria L. Russell, to secure the per-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

formance of a certain contract entered into by her to indemnify Eva Prince, now Eva Prince Ellis, the appellee. The contract was that Eva Prince, in the settlement of a controversy between her and A. B. Sullivan, should foreclose a certain mortgage given her by Elizabeth M. Gibbons and Joseph Gibbons, and cause the property therein described to be sold, and if the proceeds of such sale did not amount to the full sum of money loaned by Eva Prince on the property mortgaged, with interest, Maria L. Russell would on demand pay Eva Prince the amount of the deficit. The original liability of Sullivan arose from the fact that, as agent for Eva Prince, he had taken a second mortgage for her when he had authority to take only a first mortgage.

The property was sold under decree of foreclosure, and the deficiency was ascertained and declared by the court.

Maria L. Russell died intestate on the 27th day of January, 1905, and the deficiency judgment was rendered on the 6th of February of the same year. No administrator of the estate of Maria L. Russell has ever been appointed. This suit was begun on the 22d day of November, 1912. A period of seven years, nine months, and sixteen days intervened between the date of the rendition of the deficiency judgment and the date of the bringing of this suit. The six years' statute of limitations of the state of Colorado has been pleaded as a bar to the action by one of the defendant appellants, the Julia L. Real Estate, Loan & Investment Company, a corporation which held the legal title to the property mortgaged by Maria L. Russell, under a deed from her after the execution of the mortgage.

A. B. Sullivan, whose obligation was secured by the mortgage given by Maria L. Russell, was her only child, and is her sole heir. Laches was not pleaded as a defense. It was expressly stated in the court below that laches was not relied on, and that statement has been repeated here. The record shows that upon the statement of counsel for appellants at the hearing that "laches had not been pleaded," and that defendants below "relied purely on the statutory limitations," the court replied "that the principle of laches was present." It thus appears that the court considered both laches and limitations, although no reference was made to either in the decree.

The only assignments of error urged here are those that relate to the refusal of the court to hold the action barred by the statute of limitations. It is contended that the amount of the deficit became due upon the rendition of the deficiency judgment, and that the statute of limitations at once began to run.

[1] The general rule with regard to commercial paper, payable on demand, is that it becomes due immediately, and that the statute of limitations begins to run from its date.

"This rule may not apply where there is something on the paper, or in the circumstances under which it is given, showing that it was not the intention that it should become due immediately." 7 Cyc. 848, 849.

[2] The contract in this case is not commercial paper. It contains the following provisions:

"The party of the second part hereby agrees to waive and forego any forfeiture on account of nonpayment of interest upon the promissory note se-

cured by the said trust deed upon the property hereinbefore described, belonging to Elizabeth Gibbons, and signed, made, executed, and delivered by her, until and at such time as said note falls due by expiration of the term limited therein; and, further, doth hereby release the said A. B. Sullivan of and from all actions and causes of action, of any kind and nature, for or on account of the taking of said mortgage from the said Elizabeth Gibbons, to the party of the first part.

"In consideration of the release hereinbefore given by the party of the second part to the party of the first part, the said Maria L. Russell, party of the third part, does hereby agree with the party of the second part, and guaranties unto the said party of the second part, that in case she, the party of the second part, will at the time of the maturity of said note executed by the said Elizabeth Gibbons, advertise and sell the property therein described in manner and form as in trust deed provided for; and if she, the party of the second part, shall not receive at said time and in said manner the full amount of money so loaned and advanced by her as aforesaid upon said property, and the interest and taxes and expenses attending said sale, then and in that case, whatever said amount may be, the party of the third part will, upon demand, reimburse her for the same and pay said amount to her."

We think the provisions above quoted contemplate a demand.

"The statute of limitations does not run against a cause of action until the cause has accrued, and, where a demand is necessary before the action can be commenced, the statute does not begin to run until after the demand." Bowes v. Cannon, 50 Colo. 262, 116 Pac. 336.

[3] Maria L. Russell died before the deficit was determined. At the time it was ascertained there was no one representing her estate upon whom demand could be made, nor has any one been appointed since. The argument is made that appellee could have caused an administrator to be appointed. If that is conceded, there must have been a reasonable time within which that appointment could have been made. There must also have been a reasonable time within which to make demand.

"Where a party's right to sue depends for its perfection solely upon the necessity of a demand by him to put his adversary in default, he cannot indefinitely and unnecessarily extend the bar of the statute by deferring such demand, but must make it within a reasonable time. Palmer v. Palmer, 36 Mich. 494 [24 Am. Rep. 605]; Hintrager v. Traut, 69 Iowa, 746, 27 N. W. 807; Steele's Adm'r v. Steele, 25 Pa. 154; Bills v. Mining Co., 106 Cal. 9, 39 Pac. 43. What is deemed a reasonable time has been uniformly held to be a period coincident with that provided in the statute of limitations for barring the action. See cases above cited; Busw. Lim. § 159; Wood, Lim. § 125; Ang. Lim. § 96." Thomas v. Pacific Beach Co., 115 Cal. 136, 46 Pac. 899.

[4] The record discloses no facts which would start the statute of limitations in favor of a personal representative of the estate of Maria L. Russell, if there had been one. The rendition of the deficiency judgment would not have been sufficient to start the statute in his favor. It clearly was not sufficient to start it in favor of the Julia L. Real Estate, Loan & Investment Company, by which it was pleaded. In our view of the case, under the law of the state of Colorado, the plea of the statute of limitations was not available to any one of the appellants. So far as they were concerned, there was, as against them, no concurrent remedy in law and equity. Appellee's cause of action against them was in equity only.

In the case of Bowes v. Cannon, supra, the Supreme Court of Colorado held that, if a "cause be cognizable only in a court of equity, it cannot be affected by the statute."

[5] It is not necessary, in this case, to base a decision on that point. In equity cases the federal courts are not bound by the statute of limitations. In those courts the question of laches is paramount; though they will act, or refuse to act, in analogy to such statute. Kelley v. Boettcher, 85 Fed. 55, 29 C. C. A. 14; Boynton v. Haggart, 120 Fed. 821, 57 C. C. A. 301; Burgess v. Hillman, 200 Fed. 929, 119 C. C. A. 225; Davey v. Dodge, 213 Fed. 722, 130 C. C. A. 236; Schwartz v. Loftus, 216 Fed. 320, 132 C. C. A. 464.

In the case of Schwartz v. Loftus, above cited, Judge Carland, speaking for the court, said:

"The real questions for decision, in this case, as in all others of like character, are: First, does the bill present a reasonable excuse for the delay in bringing the suit; second, would it be inequitable, so far as the defendants are concerned, if the relief prayed by the bill should be granted? We think a reasonable excuse has been presented, and we cannot conceive of any injustice which would result to the defendants in allowing the action to proceed. While the lapse of time is an element which courts consider in refusing or granting the defense of laches, time alone ordinarily is not sufficient to constitute the defense; but, in addition thereto, the situation of the parties must have so changed as to render the prosecution of the suit inequitable. These circumstances usually appear in the form of increased value of real estate, either in the rise of the price thereof or in the making of valuable improvements thereon, the death of witnesses, and any other circumstance which would make it inequitable to allow a suit to proceed."

[6] It clearly appears from the record in this case that A. B. Sullivan is the only heir at law of Maria L. Russell; that the obligation of the appellee was, in fact, his obligation; that the conveyance by Maria L. Russell to the Julia L. Real Estate, Loan & Investment Company was without consideration; that the said company did not, in fact, own the property conveyed to it, but simply held title for the real owner, who, since the death of Maria L. Russell, is A. B. Sullivan. The record further shows that the property was permitted to be sold for taxes, that John F. O'Connor acquired the tax title for the benefit of Sullivan, and that appellee brought suit to set aside the tax deed. It also shows that she endeavored to collect the amount of the deficiency judgment from Joseph Gibbons, one of the defendants in the suit in which that judgment was rendered. This was done with the knowledge of A. B. Sullivan, and in our opinion, based on the testimony, for his benefit.

There has been no change in the property, or in the parties in interest, such as would render the relief prayed in this case inequitable. There is testimony to the effect that in January, 1911, a suit was begun in the United States Circuit Court, in the district of Colorado, which suit was the same in its nature as the suit now before the court. What became of that suit the record does not disclose.

The doctrine of laches may be invoked for the purpose of doing equity. If it were held applicable in this case, a very inequitable result would follow. Wilson v. Plutus Min. Co., 174 Fed. 317, 98 C. C. A. 189; Sullivan v. Portland & Kennebec R. Co., 94 U. S. 806, 24 L. Ed.

324; Northern Pacific Railway Co. v. Boyd, 228 U. S. 482, 33 Sup. Ct. 554, 57 L. Ed. 931.

Therefore the decision of the lower court should be affirmed, and it is so ordered.